Opinion by COLE, J. The protest was dismissed.

BEFORE THE FIRST DIVISION, JULY 12, 1945

**No. 50355.**—Protest 106531–K of Robert E. Landweer (Seattle).

COLE, Judge: Plaintiff has limited this protest to the merchandise described on the invoice as "fresh whole red cod," claiming the item to be classifiable as cod under paragraph 717 (a), Tariff Act of 1930 (19 U. S. C. 1940 ed. § 717 (a)), as amended by the Canadian Trade Agreement (T. D. 49752), and dutiable at three-fourths of 1 cent per pound. The collector classified the product as fresh fish, not specially provided for, under paragraph 717 (a) as originally enacted, and assessed duty at 1 cent per pound.

At the trial in Seattle, Wash., counsel for the parties submitted the case on the following oral stipulation:

(1) That the merchandise invoiced as whole red cod consists of whole fresh fish, without fins removed, which is not of the Gadidae family;

(2) That said red cod, on or before June 18, 1930, and at all times since then, has been sold in the wholesale trade of the United States either as "red cod" or "Red Rock cod"; that said fish had not been sold either before or since June 18, 1930, under the name of "cod"; that at all times sales in the wholesale trade of the United States have been qualified by use of the names "red" or "Red Rock";

(3) That specific species of the family Gadidae are sold in the wholesale trade of the United States prior to and since June 18, 1930, as "cod";

(4) That when wholesalers dealing in the fish trade receive orders for "cod" they do not fill those orders by delivery of Red Rock or Red Rock cod, but fill them by delivery of a species of the Gadidae family;

(5) That during the period of time mentioned the names "Red Rock cod" and "red cod" were not interchangeable with the name "cod" as commercially used in the wholesale trade of the United States; and

(6) That the general physical characteristics of the fish named "cod" are different from the general physical characteristics of the fish referred to above as red cod or Red Rock cod.

In applying the doctrine of commercial designation, plaintiff contends that the words "red" and "Red Rock," used by the wholesale trade in transactions involving the instant merchandise, are merely descriptive terms of a certain class of cod; and that, under the agreed facts, the commodity in question is subject to tariff classification within the general provision for cod, paragraph 717 (a) as amended, *supra*. Several cases are cited, in all of which the principle of commercial designation was favorably applied to a statutory phrase or term supporting importer's claim. *Two Hundred Chests of Tea*, 22 U. S. 428; *United States* v. *Baruch*, 223 U. S. 191; *Neuman & Schwiers Co., Inc.* v. *United States*, 24 C. C. P. A. 127, T. D. 48606; *American Express Co.* v. *United States*, 10 Ct. Cust. Appls. 275, T. D. 38680.

In the *Two Hundred Chests of Tea* case, *supra*, it was found that the preponderance in weight of the testimony established that the 200 chests of tea in question contained the commodity recognized commercially as bohea tea, and therefore was held to be classifiable under the specific provision therefor in the Tariff Act of 1816, under which the case arose.

In the *Baruch* case, *supra*, the merchandise was invoiced as "cotton featherstitch braids," consisting of narrow woven strips ornamented with raised figures in various designs, some with plain and others with scalloped or looped edges. The court found that "the goods in question were generally known in the wholesale trade of the United States at and prior to July 24, 1897, as 'featherstitch braids'," and held the merchandise classifiable under the provision for "braids" in paragraph 339, Tariff Act of 1897. In applying the rule of commercial designation, the court recognized the legislative history of the paragraphs in controversy.

The *Neuman & Schwiers Co., Inc.*, case, *supra*, held the imported "Sauce Bercy" and "Sauce Bordelaise" there under consideration to be classifiable under the statutory term "sauces," paragraph 775, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 775), from the uncontradicted testimony of 10 well-qualified witnesses to the effect that "the imported goods in question were uniformly, definitely, and generally designated as 'sauces' at and prior to the passage of the Tariff Act of 1930."

The *American Express Co.* case, *supra*, is authority for invoking the rule of commercial designation in construing statutory descriptive provisions as well as *eo nomine* designations. The citation has no bearing on the present issue.

The proof introduced in all of the above-mentioned cases was directed exclusively toward showing, for the merchandise under consideration, a commercial meaning the same as the precise statutory phrase or term invoked. In the *Baruch* case, *supra*, the court specifically stated that the designation, braids, "was the only general commercial name under which the goods were known in the trade and commerce of this country."

The same is not true in the present case. Here, the parties have agreed that the red cod or red rock cod under consideration has been commercially recognized as such prior to and since the enactment of the Tariff Act of 1930, and that the said designation was not included within the trade understanding, over the same period of time, of the statutory term "cod." In other words, the stipulation, upon which the case is before us, has the effect of showing two commercial commodities. One, the instant merchandise, that does not fall within the common meaning of the word "cod," but that has been sold in the wholesale trade of the United States under another designation, i. e., red cod or red rock cod. Another species, con-

forming to the ordinary dictionary definition of the word "cod," has also been so known commercially. Plaintiff's claim cannot prevail under such circumstances.

The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.